# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

**ANDREW TATE,**

Petitioner,

v.   Case No. 2:24-cv-09330-SVW

**UNITED STATES OF AMERICA,**

Respondent.

_____/

### AMENDED PETITION FOR WRIT OF ERROR CORAM NOBIS

**COMES NOW,** Andrew Tate, proceeding Pro Se Defendant, moving this Honorable Court pursuant to 28 U.S.C. Section 1651, thus, respectfully requesting that this Court GRANT Tate's Pro Se Petition for Writ of Error Coram Nobis based upon the foregoing:

### Statement of Facts

On January 17, 2002, Petitioner Tate was charged by Criminal

Complaint (Doc. # 1), and the same day he was arrested by federal authorities on January 29, 2002 (Doc. # 2). On February 05, 2002, a federal Grand Jury returned a one-count Indictment against Andrew Tate (Doc. # 8). On August 05, 2002, Mr. Tate plead guilty to Count 1, Felon In Possession of a Firearm (Doc. # 34 and 35). On November 13, 2002, the sentencing court sentenced Mr. Tate to 110 months of imprisonment followed by three (3) years of supervised release (Doc. # 43 and 44). A timely Notice of Appeal was filed on November 21, 2002 (Doc. # 45), and a limited resentencing hearing was conducted on January 29, 2007 (Doc. # 70), the same sentence stands. No further post-conviction proceedings were filed in the case herein.

Andrew Tate is in federal custody, however, the said conviction herein for Count 1, Felon In Possession of a Firearm has long expired and the only remedy to challenge his **EXPIRED** federal conviction is via a Coram Nobis in the matter herein.

## Jurisdiction

Petitioner Tate, contends that a Petition of Writ of Error Coram Nobis maybe filed as a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy, see United States

2 | Page

v. Keane, 852 F.2d 199 (7th Cir. 1988); and United States v. Delhorno, 915 F.3d 449 (7th Cir. 2019). The writ is narrowly limited to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice'. United States v. Denedo, 556 U.S. 904, 129 S. Ct. 2213, 2220 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954).

## Burden of Proof

As a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, 556 U.S. 904, 129 S. Ct. 2213, 2220, 173 L. Ed. 2d 1235 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 98 L. Ed. 248 (1954)). Thus, the writ provides relief in cases where the error "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186, 99 S. Ct. on other grounds). A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.

1987). Thus, Petitioner Tate, asserts that he will now establish the four requirements to be entitled to relief via Writ of Error Coram Nobis in the matter herein.

## **Discussion**

A petitioner seeking this relief must show that (1) a more usual remedy is not available, see United States v. Keane, 852 F.2d 199 (7th Cir. 1988);

Petitioner Tate, states that a 2255 Motion to Vacate is unavailable to him consistent with the ADEPA and as the result of Andrew Tate "no longer" being in federal custody as to this expired federal sentence he may not file a 2241 Writ of Habeas Corpus Petition and even if he was after the U.S. Supreme Court's Ruling in Jones v. Hendrix, supra that would still not be possible, thus, Mr. Tate has no other remedy available to him at this point in the case herein.

(2) valid reasons exist for not attacking the conviction earlier, see United States v. Keane, 852 F.2d 199 (7th Cir. 1988);

Petitioner Tate, asserts that he was sentenced to 110 months of imprisonment as to Count 1, Felon In Possession of a Firearm and the reason as to why this "actually innocent" claim could not be raised

earlier was because it is grounded in an intervening change in law by the U.S. Supreme Court in New York State Rifle & Pistol Ass'n v. Buren, 142 S. Ct. 2111, 2122 (2022), and the Ninth Circuit's Ruling in ___ F.4th ___, 2024 U.S. App. LEXIS 11323, 2024 WL 2068016 (9th Cir. May 9, 2024) (holding that Section 922 (g) (1) is "unconstitutional" in violation of Second Amendment rights of the U.S. Constitution). As the result of this Ninth Circuit Ruling being handed down on May 09, 2024, thus, it could not have been filed when a timely 2255 Motion to Vacate was due in consistent with the AEDPA statute of limitations period or because considering Jones v. Hendrix, supra., Mr. Tate cannot file a 2241 Habeas Corpus Petition under the savings clause. This is all the reasoning that justifies as to why the issue was not raised earlier in the case herein.

(3) adverse consequences exist from the conviction sufficient to satisfy the case controversy requirement of Article III, see U.S. v. Kwan, 407 F.3d at 1014 (9th Cir. 2005);

Petitioner Tate, contends that he is serving a 144-month term of imprisonment for Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine, Cocaine, and Cocaine Base to date in

the criminal cause of action of: USA v. Tate, Case No. 2:20-cr-00543-SB-1, and the prior federal criminal cause of action is Count 1, Felon in Possession of a Firearm in violation of 18 U.S.C. 922 (g) (1), and this prior federal conviction was utilized to enhance Mr. Tate's federal sentence. Mr. Tate's adverse consequences exist from the conviction sufficient to satisfy a live case or controversy requirement of Article III in case at bar.

(4) the error is the most fundamental character, see Hirabayashi v. United States, 828 F.2d at 604 (9th Cir. 1987);

Petitioner Tate, asserts that this Honorable Court should VACATE his conviction as to Count One, Felon in Possession of a Firearm, thus, a Coram Nobis relief is required to "achieve justice," see Denedo, 129 S. Ct. at 2220, as his Count 1, Felon In Possession of a Firearm is "unconstitutional" in violation of his Second Amendment rights of the U.S. Constitution. See United States v. Duarte, ____ F.4th ____, 2024 U.S. App. LEXIS 11323, 2024 WL 2068016 (9th Cir. May 9, 2024) (the Ninth Circuit held that Section 922 (g) (1) violates the Second Amendment of the U.S. Constitution and is "unconstitutional."). A

fundamental character exist as to the error in which warrants granting Writ of Error Coram Nobis Petition in the matter herein. See United States v. Akinsade, 686 F.3d 248, 256 (4th Cir. 2012) (The Fourth Circuit held the district court abused its discretion by failing to grant the petition for writ of error coram nobis and vacate Akinsade's conviction. Based upon an intervening change in law. VACATED & REMANDED) (emphasis added).

## CONCLUSION

In conclusion, Petitioner Tate, concludes that this Honorable Court should VACATE his conviction as to Felon In Possession of a Firearm as he stands "actually innocent" of Section 922 (g) (1) charge to not vacating the conviction would constitute a clear miscarriage of justice. It follows that such prior conviction is having a lingering collateral consequence due to being utilized to enhance his current federal sentence in the case at bar.

Respectfully submitted,

Date: 01/18/25

x Andrew Tate

Mr. Andrew Tate
# 23607-112
FCI-Victorville Medium # 1
P.O. Box 3725
Adelanto, CA. 92301

## **Certificate of Service**

I, Andrew Tate, certify that on <u>January 18th</u>, 2025, I mailed by U.S. 2-Day Priority Mail the original copy of my Petition for Writ of Error Coram Nobis, to this Honorable Court and one copy to the opposing party listed below herein:

U.S. Attorney's Office
Criminal Division
312 N. Spring Street
Los Angeles, CA. 90012-4700

Date: 01 / 18 / 25                          /s/ x Andrew Tate

                                            Mr. Andrew Tate
                                            Pro Se Petitioner

To: Clerk of the Court

RE: Tate v. USA, Case No.

2:24-cv-09330-SVW

Dear Clerk of the Court,

Greetings and my name is Mr. Andrew Tate # 23607-112, and I am currently confined at FCI-Victorville Medium # 1 in Adelanto, California.

Please find enclosed my Amended Petition For Writ of Error Coram Nobis and please file in the above-captioned case herein. Please note that "a petition for the writ of error coram nobis is a step in the original criminal proceedings, not the beginning of a separate civil action," see Yasui v. United States, 772 F.2d 1496, 1499 (9th Cir. 1985). Please consider filing this matter in the original criminal proceedings Clerk of the Court as it is not a separate civil action (emphasis added).

Date: 01 / 18 / 25

Sincerely,

Andrew Tate

Mr. Andrew Tate

# 23607-112

FCI-Victorville Medium # 1

P.O. Box 3725

1

Adelanto, CA. 92301

FROM:

Mr. Andrew Tate
#23607-112
Federal Correctional Institution
P.O. Box 3725
Adelanto, CA. 92301

TO:

Clerk of the Court
U.S. District Court
350 W. 1st Street
Ste. 4311
Los Angeles, CA. 90012-4565




